CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JERRY NEHL BOYLAN, <br><br> Defendant. | Case No. 2:22-CR-00482-GW <br><br> **MOTION IN LIMINE NO. 5: MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT MR. BOYLAN SMOKED CIGARETTES WHILE EMPLOYED BY TRUTH AQUATICS** |

Jerry Nehl Boylan, through his attorneys of record, Deputy Federal Public Defenders Georgina Wakefield, Gabriela Rivera, and Julia Deixler, hereby files

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

defendant's motion in limine no. 5: motion in limine to exclude evidence that Mr. Boylan smoked cigarettes while employed by at Truth Aquatics.

                                              Respectfully submitted,

                                              CUAUHTEMOC ORTEGA
                                              Federal Public Defender

DATED: September 21, 2023    By  */s/ Georgina Wakefield*
                                              GEORGINA WAKEFIELD
                                              GABRIELA RIVERA
                                              JULIA DEIXLER
                                              Deputy Federal Public Defenders
                                              Attorney for JERRY NEHL BOYLAN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The government seeks to introduce evidence that Mr. Boylan was a cigarette smoker when he was employed by Truth Aquatics (TA) for one reason: to invite the jury to conclude—improperly and without any basis—that Mr. Boylan started the fire. Mr. Boylan's smoking has no relevance at all. The government has not charged him with starting the fire, with improperly disposing of his cigarettes, or with violating a duty or TA policy by smoking. His cigarette smoking is of no consequence and it has no tendency to make any fact more or less probable than it would be without it. Yet the risk of prejudice is at its zenith here, where 34 people tragically perished in a fire.

The Court should exclude any evidence of Mr. Boylan's cigarette smoking at trial.

### II. FACTUAL STATEMENT

Mr. Boylan is charged by indictment with one count of violating 18 U.S.C. § 1115, colloquially referred to as the seaman's manslaughter statute. (ECF No. 1.) The charge stems from a tragic accident at sea that claimed the lives of thirty-four people. The facts have been thoroughly discussed in other pleadings, which are incorporated.

Mr. Boylan smoked cigarettes on the upper deck in what were called wing stations. (Wakefield Decl. ¶¶3-5). The wing stations were just outside each side of the wheelhouse near the bow or front of the vessel. They had throttles for maneuvering the boat outside the wheelhouse where there was better visibility.



3

At the wing station, Mr. Boylan kept a cup filled with water for extinguishing his cigarettes. It was his practice to smoke on the wing station and discard of his cigarettes in that cup. (Wakefield Decl. ¶¶ 3-5.)

The government's theory of the fire is that it started in a garbage can, which was located underneath a staircase on the main deck outside the salon. As discussed in Mr. Boylan's motion in limine number one (ECF No. 126), the government's experts will testify that the cause of the fire is undetermined.

Based on the witness statements, the fire could not have started in the wheelhouse or at a wing station. Both the NTSB and the ATF eliminated the upper deck and determined that the fire started on the main deck.

### III.  ARGUMENT

**A.   Evidence that Mr. Boylan was a cigarette smoker while employed at Truth Aquatics is irrelevant.**

Evidence is relevant when it tends to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401. As the proponent of the evidence, the government bears the burden of proving its relevance and admissibility. Wright & Miller, 22 Fed. Prac. & Proc. Evid. § 5166 (2d ed., April 2023 Update).[1]

Mr. Boylan's use of cigarettes while employed at TA does not tend to make any fact at issue more or less probable. Witnesses will testify that Mr. Boylan's practice was to smoke cigarettes in the wheelhouse and extinguish them into a cup filled with water. (Wakefield Decl. ¶¶ 3-5.) This practice has no connection to the "misconduct, gross negligence, and an inattention to his duties" charged in the indictment — failing to have a roving patrol, failing to train crew members, or failing to hold fire drills.

---

[1] "The proponent of the evidence bears the burden of showing its relevance. This requires counsel to specify the proffered evidence, point out the consequential fact to which it is directed, and provide the court with a major premise that will lead to the desired conclusion." (Citations omitted).

4

Thus, evidence of Mr. Boylan's cigarette smoking is in no way probative of any element of the offense.

Moreover, as discussed in the motion in limine number one, any insinuation that Mr. Boylan's smoking is connected to the cause of the fire would be speculative and without basis. That is because the government's own experts concluded that they do not know that a cigarette caused the fire at all. (*See* ECF No. 126.)[2] And as discussed above, it could not have been one of Mr. Boylan's cigarettes that started the fire, because his were extinguished into a cup of water kept on the wing station outside the wheelhouse on a completely different deck than the where the fire started.

**B.     The evidence is particularly prejudicial given the nature of the case.**

Even if this Court finds that Mr. Boylan's personal practice of smoking cigarettes holds some marginal relevance, that evidence should still be excluded because risk of unfair prejudice, misleading the jury, and wasting time substantially outweigh what little probative value it might have. *See* Fed. R. Evid. 403. The Supreme Court has defined unfair prejudice as "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, this danger is paramount because of the obvious possibility that the jury will form an association between Mr. Boylan's cigarettes and the cause of the fire, which could unfairly and inappropriately factor into their evaluation of his guilt.

Courts routinely exclude this type of evidence in other contexts. For example, courts find that evidence of a defendant's gang membership carries a risk that the jury will equate gang membership with the charged crimes. *Kennedy v. Lockyer*, 379 F.3d

---

[2] Mr. Boylan's motion in limine number one to exclude expert opinion testimony about the cause and origin of the fire asks the Court to exclude any reference to improperly discarded smoking materials as a *possible* cause of the fire because it is based on speculation, inconsistent with standards applicable to fire investigators, and prejudicial. (*See* ECF No. 126 at pp. 33-37.)

1041, 1055-56 (9th Cir. 2004) citing *United States v. Hankey*, 203 F.3d 1160, 1170 (9th Cir. 2000).  So too here: evidence of Mr. Boylan's cigarette smoking carries the risk that the jury will equate cigarette smoking with starting the fire.  This evidence falls within the category of prejudicial evidence that Rule 403 was designed to exclude.  The probability that the jury will make inappropriate assumptions or inferences is far greater than any probative value offered by disclosing that Mr. Boylan sometimes smoked on board the *Conception*.

      To attempt to rebut improper inferences about the fire's cause, Mr. Boylan would need to present his own evidence about his practice of smoking and extinguishing his cigarettes in a cup filled with water on the upper most deck.  This presentation would result in a mini-trial and only cause more prejudice to Mr. Boylan by highlighting his cigarette smoking.  That is the very definition of undue prejudice, and it is particularly unnecessary where no witness will testify that a cigarette caused the fire.  This mini-trial would waste the court's time and distract from the relevant issues in the case.  This trial is already expected to last several weeks and involve dozens of witnesses and considerable evidence.  To add a mini-trial over an irrelevant matter would be inefficient and unnecessary, and is precisely the reason the Federal Rules provide judges with discretion to exclude such evidence.  *See Holmes v. Miller*, 768 Fed.Appx. 781, 784-85 (9th Cir. 2019) (affirming district court's exclusion of evidence under Rule 403 because inclusion of such evidence "would have resulted in mini-trials").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

The defense asks this Court to exclude any evidence that Mr. Boylan smoked cigarettes while employed by Truth Aquatics.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 21, 2023      By  /s/ Georgina Wakefield
GEORGINA WAKEFIELD
GABRIELA RIVERA
JULIA DEIXLER
Deputy Federal Public Defenders
Attorney for JERRY NEHL BOYLAN