CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
JOSHUA D. WEISS (Bar No. 338918)
(E-Mail: Joshua_Weiss@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JERRY NEHL BOYLAN,<br><br>  Defendant. | Case No. 22-cr-00482-GW<br><br>***EX PARTE* APPLICATION TO CONTINUE POST-TRIAL BRIEFING SCHEDULE AND SENTENCING HEARING**<br><br>**Proposed Hearing Date:**<br>April 11, 2024<br><br>**Proposed Sentencing Date**:<br>May 2, 2024 |

Jerry Nehl Boylan, through his attorneys of record, Deputy Federal Public Defenders Georgina Wakefield, Gabriela Rivera, Julia Deixler, and Joshua D. Weiss hereby applies *ex parte* for an order continuing the post-trial briefing schedule and sentencing hearing date. The government opposes this motion.

1   This motion is based upon the attached declaration of counsel, all files and
2   records in this case, and such evidence and argument as may be presented at the hearing
3   on the motion.

                                            Respectfully submitted,

                                            CUAUHTEMOC ORTEGA
                                            Federal Public Defender

DATED: November 16, 2023    By  */s/ Georgina Wakefield*
                                            GEORGINA WAKEFIELD
                                            GABRIELA RIVERA
                                            JULIA DEIXLER
                                            JOSHUA D. WEISS
                                            Deputy Federal Public Defenders
                                            Attorney for JERRY NEHL BOYLAN

**DECLARATION OF COUNSEL**

I, Georgina Wakefield, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California assigned to represent Jerry Nehl Boylan in the above-titled action.

2. Trial in this matter commenced on October 24, 2023. The jury returned a guilty verdict on the offense of Seaman's Manslaughter, in violation of 18 U.S.C. § 1115, on November 6, 2024. Sentencing is currently set for February 8, 2024.

3. Under Federal Rule of Criminal Procedure Rules 29 and 33, the default deadline for the defense to file any motion for a new trial or post-trial motion for a judgment of acquittal is 14 days after the verdict, or November 20, 2024. However, we do not yet have complete transcripts from the trial. By this application, the defense applies *ex parte* for an order continuing the deadline to file any such motions on or before February 22, 2024, and to continue the sentencing hearing to May 2, 2024.

4. I am lead counsel on this matter and intend to take a leading role in researching, drafting, and arguing any post-trial motions filed in this case, along with taking a leading role in preparation of the sentencing, including the presentence interview, drafting the sentencing position paper, and arguing in support of the defense proposed sentence.

5. When the guilty verdict was returned, I proposed a sentencing date of February 8, 2024. However, I later learned that a January 9, 2024 trial that I thought would be vacated is likely to proceed on that date. Specifically, I am lead counsel in *United States v. Aggarwal, et al.*, CR No. 15-465-TJH. A co-defendant filed an interlocutory appeal that my client joined. The district court subsequently denied the government's *ex parte* application for an order that the district court retain jurisdiction. *Id.* at Dkt. No. 689 (Oct. 18, 2023). However, after the sentencing date in this case was chosen, I was informed by appellate counsel that the interlocutory appeal will likely be dismissed, and trial will likely proceed on January 9, 2024. Trial is expected to last two to three weeks. *See id.* at Dkt. No. 683 (Sept. 25, 2023). The *Aggarwal* case is

1  complex and involves voluminous discovery.  The discovery consists of nearly 360,000
2  pages of bates stamped discovery, along with two million documents produced by the
3  Securities Exchange Commission.  In addition, the timing of the trial poses personal
4  conflicts, including childcare issues while schools are closed during the winter break.

      6.     Because of the time required to prepare for the *Aggarwal* trial, along with a lack of childcare over the winter break, I will not have sufficient time to adequately prepare for sentencing before February 8, 2024, and pre-trial motions to be filed in this matter before February 22, 2024.

      7.     Additionally, my co-counsel, Joshua Weiss, who will assist me in the drafting and preparation of the post-trial motions, has the following scheduling conflicts that would make it unfeasible for the defense to file post-trial motions before February 22, 2024:

    a. *U.S. v. Tran*, CA No. 22-50147: Reply brief due November 27, 2023; oral argument scheduled for January 12, 2024;

    b. *U.S. v. Moreno*, CA No. 23-50018: Reply brief due December 18, 2023; notice of oral argument issued stating that argument will likely be scheduled in February 2024;

    c. *U.S. v. Frederick*, CA No. 22-50256: Opening brief due December 11, 2023;

    d. *U.S. v. Ramos*, CA No. 22-50177: Petition for rehearing due December 12, 2023;

    e. *U.S. v. Ornelas*, CA No. 23-1059: Opening brief due December 18, 2023;

    f. *U.S. v. Jacobs*, CA No. 23-2887: Opening brief due January 10, 2024; and

    g. *U.S. v. Bacchus*, CA No. 23-1857: Opening brief due February 13, 2024.[1]

---

[1] In addition, the other two DFPDs listed as counsel of record in this case have trial conflicts in early 2024.  Ms. Deixler has the following trials: *United States v. Rudy Flores Jr.*, 22-CR-451-MEMF, a firearm and possession of methamphetamine with intent to distribute trial scheduled for January 12, 2024 and *United States v. Robert*

8. The defense anticipates filing both a renewed motion for a judgment of acquittal under Rule 29 and a motion for a new trial under Rule 33. I anticipate that both motions will implicate legal and evidentiary rulings made by the Court and the evidence that was presented during the course of the trial. The defense must carefully review the trial transcripts before briefing either motion. A few of the trial transcripts were just filed two days ago, on November 14. The remaining trial transcripts have not yet been filed. For this reason alone, the defense will not have sufficient time to file the anticipated post-trial motions by the current deadline of November 20, or even in the weeks thereafter while I am preparing for the *Aggarwal* trial.

9. On November 15, 2023, I communicated by email with government counsel regarding this request. The government indicated that it opposes this *ex parte* application.

10. For the foregoing reasons, I am requesting the following schedule for filing post-trial motions: Rule 29 and Rule 33 motions due on or before February 22, 2024; oppositions due March 14, 2024; and replies, if any, due March 28, 2024. The hearing on the post-trial motions set for April 11, 2024, and the sentencing hearing set for May 2, 2024.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: November 16, 2023        By  /s/ *Georgina Wakefield*
                                    GEORGINA WAKEFIELD

---

*Rundo*, 18-CR-00759-CJC, a three-defendant Anti-Riot Act trial scheduled for March 26, 2024 (motions are due January 8, 2024). Ms. Rivera has: *United States v. Rosales-Soto*, 20-cr-000024-TJH, a two-defendant possession of methamphetamine with intent to distribute trial set for February 6, 2024, which is estimated to last 3-4 days; *United States v. Sandoval*, 23-cr-00401-SVW, a false information and hoaxes trial set for February 20, 2024, which is estimated to last 2-3 days; and *United States v. Pickens*, 23-cr-00261-SVW, a felon in possession of a firearm trial set for February 27, 2024, which is estimated to last 2-3 days.

3