E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8644
    E-mail:  Matthew.O'Brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-482-GW |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Matthew O'Brien, Brian Faerstein, and Juan Rodriguez, hereby files its opposition to defendant JERRY NEHL BOYLAN's Ex Parte Application for Appointment of Counsel.

1    The government files this opposition because defendant's <u>ex parte</u> application does not mention that Ms. Wakefield will soon be joining Larson, LLP, which represents Glen Fritzler (the owner of the <u>Conception</u> and defendant's former boss at Truth Aquatics).  As the Court may recall, the central thrust of the defense at trial was to blame Fritzler for the 34 fatalities.  Hence it appears to the government that defendant and Fritzler would be considered to be adverse parties in a conflict-of-interest analysis.

   The defense has informed the government that Ms. Wakefield will not be joining Larson, LLP until after defendant's sentencing on May 2, 2024.  While this does not eliminate the government's concerns, it seems that the conflict-of-interest issue potentially could be addressed by, <u>inter alia</u>, the Court (1) requiring defendant and Fritzler to sign conflict waivers regarding Ms. Wakefield's highly unusual status at defendant's sentencing; and (2) limiting Ms. Wakefield's appointment so that it ends on May 3, 2024.

   The government also opposes the use of CJA funds to pay Ms. Wakefield to prepare for the sentencing.  Three other Deputy Federal Public Defenders continue to represent defendant, and Ms. Wakefield already has had five months to prepare for the sentencing due to her request to delay the sentencing until May 2024 to accommodate her schedule (<u>see</u> Dkt. 339).  But for the defense's request for a six-

//
//
//

month delay for defendant's sentencing (which the government opposed), this entire situation would have been avoided.

Dated: March 22, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA