| | |
|---|---|
| 1 | CUAUHTEMOC ORTEGA (Bar No. 257443) |
|   | Federal Public Defender |
| 2 | AMY KARLIN (Bar No. 150016) |
|   | Chief Deputy Federal Public Defender |
| 3 | GEORGINA WAKEFIELD (Bar. No. 282094) |
|   | (Email: Georgina_Wakefield@fd.org) |
| 4 | Deputy Federal Public Defender |
|   | 321 East 2nd Street |
| 5 | Los Angeles, California 90012-4202 |
|   | Telephone: (213) 894-2854 |
| 6 | Facsimile: (213) 894-0081 |

Attorneys for Defendant
JERRY BOYLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00482-GW |
| Plaintiff, | **RESPONSE TO GOVERNMENT'S OPPOSITION TO THE DEFENSE'S APPLICATION FOR APPOINTMENT OF GEORGINA WAKEFIELD AS CO-COUNSEL; DECLARATION OF COUNSEL** |
| v. | |
| JERRY BOYLAN, | |
| Defendant. | |

The Office of the Federal Public Defender, through Chief Deputy Federal Public Amy M. Karlin, files this response to the government's opposition to the defense's application for appointment of Georgina Wakefield as co-counsel. This response is based on the attached declaration of Amy Karlin.

                                                  Respectfully submitted,

                                                  CUAUHTEMOC ORTEGA
                                                  Federal Public Defender

DATED: March 22, 2024         By  */s/ Amy M. Karlin*
                                                 AMY M. KARLIN
                                                 Chief Deputy Federal Public Defender

## DECLARATION OF AMY M. KARLIN

I, Amy M. Karlin declare:

1. I serve as Chief Deputy Federal Public Defender for the Office of the Federal Public Defender (FPD) in the Central District of California. In that capacity, I analyze potential conflicts of interest for cases handled by the FPD.

2. I have determined that there is no conflict of interest precluding Ms. Wakefield from continuing to represent Mr. Boylan at the sentencing hearing on May 2, 2024. Ms. Wakefield will not have commenced her employment at Larson, LLP at that time.

3. The government agrees that there is no conflict of interest. Under the ethical rules, no waivers are required where there is no conflict of interest. *See* California Rule of Professional Conduct 1.7.

4. The proposed order submitted to the Court requested the provision of CJA funds just for the day of sentencing, May 2, 2024. Because Ms. Wakefield will not be employed by anyone at the time of the sentencing and she plans to take the lead arguing at the sentencing hearing on behalf of Mr. Boylan, an indigent defendant, compensating Ms. Wakefield for her work that day at the CJA rate is appropriate.

DATED: March 22, 2024        */s/ AMY M. KARLIN*            .
                                              AMY M. KARLIN
                                              Chief Deputy Federal Public Defender

2